Duncan vs. Webb and Foster.

---

No. 36.—James E. Duncan, plaintiff in error, vs. Lemuel Webb, defendant in *fi. fa.* and Richard Foster, claimant, defendants in error.

[1.] An entry on a *fi. fa.* by the Sheriff, in *any* County in Georgia, is a sufficient compliance with the Act requiring a return within seven years by the proper officer for executing the same.

[2.] If any one is injured by the false or fraudulent return of the Sheriff, he is entitled to his remedy.

*Fi. fa.* and claim, in Randolph Superior Court. Tried before Judge Warren, April Term, 1849.

A *fi. fa.* in favor of James E. Duncan against Lemuel Webb, was levied on a tract of land as the property of defendant, 26th May, 1846, to which a claim was interposed by Richard Foster.

On the trial at May Term, 1849, the plaintiff in *fi. fa.* offered in evidence an execution issued 6th December, 1833, from the Superior Court of Thomas County, with the following entries thereon:

" Received this *fi. fa.* 1st February, 1834.

JOHN C. BROWNING, D. S."

" No property of the defendant to be found in this County, this 17th May, 1836.                    Wм. WARD, Sheriff."

" No property of the defendant's to be found in Houston County, whereon to levy this *fi. fa.* March 10th, 1842.

GEORGE M. DUNCAN, Sheriff Houston County."

Also; the levy on the land, 26th May, 1846.

The Court rejected the *fi. fa.* and plaintiff excepted.

Plaintiff then offered to prove by Duncan Jordan, that about and just before the return of the Sheriff of Houston County, and up to that time, defendant in *fi. fa.* had been concealing a negro girl in Houston County, and that plaintiff placed the *fi. fa.* in the hands of the Sheriff, to levy on this negro; and that defendant in *fi. fa.* then ran off the negro from Houston County.

The Court rejected the evidence, and plaintiff excepted.

TAYLOR, for plaintiff in error.

PERKINS, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The execution tendered in evidence by the plaintiff, was rejected by the Circuit Judge, on the ground that the return required by the Act of 1823 should be made either by the Sheriff of the County where the defendant resides, or where the judgment was obtained. The language of the Statute is, that the entry shall be made by " the *proper officer* for executing and returning the same." *Prince*, 458. It is clear that the Act itself contains no such restriction. The *fieri facias* is directed " to *all* and *singular*, the Sheriffs of the *State*." It would seem, therefore, that it was competent for the Sheriff of *any* County in Georgia to make the return required by the Act to keep the execution alive.

[2.] If the officer makes a false or fraudulent return, he is liable to answer in damages to any person who·may be injured by his misconduct.

Upon this ground the judgment below must be reversed.