Welch vs. Butler et al.

---

24  445
f108 119

FRANKLIN O. WELCH, plaintiff in error, vs. JOSEPH BUTLER, et al. defendants in error.

[1.] A sale made under a dormant judgment is void.

[2.] It is not sufficient to reverse the judgment of the Court, unless required positively by statute, because the Court has committed an immaterial error in its charge, but the finding of the jury is satisfactory.

[3.] It is no error for the Court to refuse to give charges to the jury as requested in writing, if they are inapplicable to the case.

[4.] A *bona fide* purchaser can acquire no valid title under a void judgment; otherwise, when the judgment is voidable only.

[5.] The entry of an officer cannot revive a void judgment. It can be revived through a Court only upon notice to the opposite party, and then takes effect from the date of the last judgment.

[6.] The date of an officer's return may be enquired into.

EJECTMENT, from Baker. Tried before Judge ALLEN. November Term, 1857.

This was an action of ejectment by John Doe, on the several demises of Joseph Butler, and Augustus S. Jones, against Richard Roe, *casual ejector*, and Franklin O. Welch, tenant in possession, for the recovery of lot of land, No. 157, in the 9th district of Baker county.

The case, by consent, was transferred to the appeal. On the trial the plaintiff offered and read in evidence, the grant from the State of Georgia to Joseph Butler, for the lot of land in controversy, dated 27th January, 1836; then a deed from Butler to Augustus S. Jones, for same lot, dated 7th January, 1837, recorded 27th February, 1854; proved the *locus*, and possession of defendant, and closed.

The defendant introduced,

1st. A deed for the lot in dispute, from George W. Callier, Sheriff of Baker county, to William B. Crawford, dated 6th July, 1852 ; sale made by virtue of a *fi. fa.* levied on lot of land No. 157, 9th district, Baker county, by A. P. Greer, Constable. Recorded 13th July, 1852.

2d. A deed from Crawford to William E. Smith, dated 23d Dec., 1852, for the same lot: not recorded.

3d. A deed from Smith to Welch, Sherman & Co.: not recorded.

4th. A deed from Welch, Sherman & Co., to defendant, Franklin O. Welch, dated 22d December, 1854 : not recorded.

In support of the Sheriff's deed, the defendant introduced three *fi. fas.* issued from a Justice's Court of Pulaski county, all in favor of A. Manning vs. Joseph Butler, and dated 3d March, 1842.. The first *fi. fa.* was for eleven dollars and seventy-two cents, and upon which were the following entries: "No personal property to be found whereon to levy this *fi. fa.* March 3d, 1842; cost, 31 1-4. D. T. Cross,

Const." "Levied the within *fi. fa.* on one gray mare, 23d July, 1842. D. T. Cross, Const." "The above levy sold for $16.50, of which $13.25 was applied to costs on this and other *fi. fas.* against said Butler, 20th August, 1842. D. T. Cross, Const." "Received on the within *fi. fa.*, three dollars and twenty-five cents, 20th August, 1842. "Georgia, Dooly county. No property to be found by me whereon to levy this *fi. fa.*. This 1st April, 1848. Matthew F. Floyd, Const." "Georgia, Baker county. To any lawful officer to execute and return: You are hereby authorized to execute and return within *fi. fa.* May 19th, 1852. Thomas Lyan, J. P." "Recorded." "I transfer the within *fi. fa.* to C. Torrance, to have full control, as myself, Oct. 20th, 1849, without any recourse on me hereafter. A. Manning." "Cost paid by defendant." "Georgia, Baker county. Levied this *fi. fa.* on lot of land 157, 9th district of said county, as the property of Joseph Butler, pointed out by Jacob Watson. May 19th, 1852. A. P. Greer, Const." "The above levy sold this day for one hundred and thirteen dollars, and after deducting cost, money applied to this and other *fi. fas.* August 6th, 1852. George W. Callier, Shff."

"Received twenty-one dollars and sixteen cents in full, on this *fi. fa.*, and the balance of the money applied to two other *fi. fas.* of same date, and in favor of same plaintiff. August 6th, 1852. J. R. Watson."

On the second *fi. fa.* was an entry of no personal property, made by Cross, the Constable, 30th March, 1842. No property by Floyd, the Constable in Dooly county, dated 1st April, 1848; a transfer by Manning to Torrance, Oct. 20th, 1849, and a receipt in full by Watson, from sale of No. 157, 9th, Baker, dated 6th August, 1852. This *fi. fa.* was for $17.25, with interest from 24th March, 1841.

On the third *fi. fa.* there was the same entries as on the second. This *fi. fa.* was for $25.00, with interest from 1st January, 1841.

Defendant examined Cross, the Constable from Pulaski,

who had made the entries, who proved that he knew Butler. That he was Constable in Pulaski county, in 1842—had the *fi. fas.* (above mentioned) in his hands for collection. Knew Butler in 1842; knew him before; don't know where Butler lived when the land was drawn; thinks he resided in Pulaski county in Dec., 1841; don't know how long he lived in Pulaski; he was considered broke in July, 1842; don't know his condition in 1848, nor in 1852; last time he saw him, in 1853 or 1854, his condition was very bad; cannot say he drew a lot of land. The entries on the *fi. fas.* were made by him (witness) in 1842; sold the grey mare in July, 1842, for $16.50. Thirteen dollars and twenty-five cents were applied to the cost on the *fi. fas.*, and three dollars and twenty-five cents on one of the *fi. fas.* They were in my (witness) hands when the levy was made, and were advertised as levied. They were never paid off while in his hands; the cost on them was paid, and $3.25 principal, on one of them.

*Cross Examined.*—He made all the entries over his name; the entries were in his hand writing; cannot say the entry as to the sale of the grey mare, was made on the day or not, but if not on the day, pretty soon afterwards; it has been sixteen or seventeen years years since he first knew Butler; knew him first in Dooly county, he lived a portion of the time in Pulaski; when he left that county, cannot say where he went; thinks he went to Dooly, and then to Florida; don't know his age; supposes he is now about sixty; don't know where he now resides, but he told witness some three or four years ago, that he lived in Florida.

It was agreed and admitted, that at the date of the levy on the land, there was no personal property of defendant in *fi. fa.* (Butler) in Baker county, and that said entry of no personal property be now made *nunc pro tunc.*

Defendant then closed.

Plaintiff proposed to prove by a witness, that the entry made by Floyd, Constable, on the *fi. fa.* dated 1st April, 1848,

was not made at that time, but in 1852. Defendant objected to this testimony; the Court overruled the objection, and the witness (Jacob Watson) testified that said entry by Floyd, dated 1st April, 1848, was not made at that time, but sometime in 1852; that witness carried the *fi. fa.* to Floyd. and procured him to make said entry and antedate the same; that Floyd was acting as Constable in Dooly county at the time said levy was antedated, and at the time it purports to have been made; that he (witness) wrote the entry himself, and Floyd signed it, as Constable, believing at the time it was legal so to do, and that such entry would keep the *fi. fa.* in life.

The testimony being closed, defendant's counsel requested the Court to charge the jury,

1st. That when one of two innocent persons must suffer, the one most culpable ought to sustain the loss.

2d. That Jones, by his laches in not recording his deed from Butler, has produced all this litigation. That if his deed had been recorded in time, the purchaser at Sheriff sale, as a reasonable and prudent man, would not have bought.

3d. That the law does not encourage laches in any person, but assists and sustains the vigilant and diligent.

4th. That Crawford finding no deed upon record from Butler, and a *fi. fa. prima facie* in force against him, was authorized to bid and purchase the lands, and his title thus acquired is good against Butler and all others.

5th. That the entry made by Constable Floyd in 1848, although antedated, cannot affect Crawford and his assigns, they being innocent purchasers without notice; and plaintiff's remedy is against the officer for a false return.

6th. That a *bona fide* purchaser at Sheriff's sale under and by virtue of an apparently valid and subsisting judgment and *fi. fa.*, acquires a good title, or all the title the defendant had in the property sold.

7th. That agreeably to the admission and agreement of counsel, the jury are to consider the *fi. fa.* as a good and subsisting execution at the time of sale, and that all the requisi-

tions of the law have been complied with in respect thereto.

8th. That the entry of Floyd was not a forgery, but if any-thing, was a fraud, and for which his sureties are liable to the party injured thereby; but his acts under and by virtue of the *fi. fa.* are valid and binding as in favor of an innocent purchaser without notice.

9th. That the entry of an officer on an execution, of "*no personal property*", can be made at any time, *nunc pro tunc,* and when made relates back to and is considered as having been made at the time it was his duty to have made the same.

10th. An entry by a Constable of "no personal property to be found", on a *fi.fa.*, as between the original parties, is *prima* *facie*, and when the rights of third parties intervene, it then becomes conclusive, unless it is shown that such third party had notice of fraud.

All of which the Court refused to charge, as not applicable to the case, but charged the jury that if they believed that the judgment upon which the *fi. fa.* is founded was dormant, the sale was void, and the purchaser at Sheriff's sale got no title, and they must find for the plaintiff. That in compu-ting the time on the *fi.fa.*, they must calculate from the date of the judgment or last entry on the *fi. fa.*

The jury returned a verdict for plaintiff, and defendant moved for a new trial, on the grounds of error in the charge, and the refusal to charge, in the admission of Watson's testi-mony; because of newly discovered testimony since the trial; and because the verdict is against the law and evidence.

The Court overruled the motion for a new trial, and de-fendant excepted.

W. E. Smith; P. J. Strozier; Warren & Warren, for plaintiff in error.

Lyon, Irwin & Butler, *contra.*

*By the Court.*—McDonald J., delivering the opinion.

[1.] The charge of the Court to the jury, that if they believed, that if the judgment upon which the *fi. fa.* was issued, was dormant, the sale was void, and the purchaser at Sheriff's sale got no title, and they must find for the plaintiff, was correct. The statute declares that such judgment shall be void and of no effect. (*Cobb*, 498.)

[2.] If the Court was incorrect in instructing the jury, that in computing the time on the *fi. fa.*, they must calculate from the date of the judgment, or the last entry on the *fi. fa.*, we will not, for that cause, reverse the judgment, if the verdict be right.

There was an entry, legally made on the *fi. fa.*, and the alternative feature in the charge was neither intended nor calculated to draw the mind of the jury from the point in the case, that if a lawful entry had been made on the execution every seven years, it was good and valid. The verdict of the jury is satisfactory.

[3.] The refusal of the Court to give in charge to the jury, the requests of the counsel of plaintiff in error, submitted in writing to the Court, is made a ground for asking for a new trial. The Court refused to give them in charge because they were inapplicable to the case. And so we think.

The land was sold by the Sheriff as the property of the drawer. Augustus S. Jones purchased from him, and his deed bears date on the 7th January, 1837. It was recorded 27th Feb., 1854. There was no question in this case under the registry acts, as to the validity of the title of the purchaser at Sheriff's sale against Jones' title. It was quite a different question. It was in regard to the lien of the judgment and validity of the execution under which the land was purchased. The five first requests of counsel for plaintiff in error, in the long string of requests submitted by them, had no application, therefore, to the case, as presented to the jury.

[4.] The statute declares a dormant judgment to be void

and of no effect. It, therefore, requiring no act of the party to avoid it, falls not within the class of voidable judgments. All acts done *bona fide* under a *voidable* judgment are good, until it is set aside. But no act is good under a *void* judgment, and even a *bona fide* purchaser can acquire no title under it. *Woodcock vs. Bennett,* 1 *Cowen's R.* 734.

A judgment which loses its lien merely because it is not revived under the old law, was not a void judgment, and rights acquired by strangers under such judgments might have been ordinarily protected, but as our statute declares dormant judgments *void and of no effect,* the rule is different. The fifth and sixth requests ought not therefore to have been given in charge to the jury.

There was no consent of counsel that the *fi. fa.* was a good and subsisting execution at the time of the sale; and the 7th request ought not to have been given in charge.

[5.] At the time the entry was made on the execution by the Constable Floyd, the execution was void and of no effect. His entry could not revive it. It required the action of a Court, upon notice to the opposite party, to obtain another judgment thereon, which takes effect from its date. He acted without authority in more respects than one, which will be adverted to again presently. There was no error, therefore, in refusing to give the 8th request in charge to the jury.

If the 9th request was asked in reference to the entry made by Floyd on the execution, it was illegal, and ought not to have been given. If it relates to the facts agreed upon by counsel, it was still illegal, as a Constable of Baker county, where there was no proof the defendant ever resided, was not the *proper* officer to make such return. The case of *Duncan vs. Webb & Foster,* 7 *Ga.* 187, requires, in my opinion, some qualification.

We see nothing in the facts of this case, under the view we have taken of it in what we have said, which warrants the 10th request, and therefore say it ought not to have been charged.

Welch vs. Butler et al.

[6.] The evidence of Jacob Watson had reference to the date of the entry and was not introduced to controvert any fact stated in it. Without going further into the consideration of the question whether the return of the Constable was traversable, it is sufficient to say that there is no legal objection to proof that it bears a wrong date.

In regard to the other points made in the motion for a new trial, it is perhaps sufficient to say, that we are satisfied that the verdict of the jury is supported by the law and evidence of the case, and we will not therefore interfere with the decision of the Court below on these grounds in the motion. We will barely remark (inasmuch as it was argued with much earnestness, that, as the purchaser at Sheriff's sale was a *bona fide* purchaser, and should be protected, although we have determined that his purchase cannot be sustained under the law) that it seems to us, that he was not as vigilant as he might have been, and that without referring to the obvious grounds on which we have placed the decision, his title could not be sustained on other grounds connected with Floyd's entry on the execution. The judgment was obtained in Pulaski county. The execution was issued from the Justice's Court in which the judgment was obtained. Floyd was a Constable of Dooly county, and his entry appears, from the execution, to have been made in that county. The execution had not been backed by a Justice of the Peace of Dooly county. Floyd had no authority therefore, to search for and levy on property of the defendant in that county, and of consequence had none to make the entry of "no property." The purchaser could have known this by examining the execution. Again, it no where appears that Butler resided in Dooly county at the time that entry purports to bear date. If he did not, the entry is a nullity, in my judgment.

Judgment affirmed.