HENRY C. RIPLEY v. JOHN EVANS, A STOCKHOLDER
IN THE MICHIGAN CUSHMAN TELEPHONE
COMPANY (A CORPORATION).

*Corporations—Individual liability of stockholders—Constitutional law—Title of act—Class legislation—Statutes—
Amendment by implication.*

1. It is not necessary to issue and have returned unsatisfied an execution to any other county than that in which the principal office of a corporation is situated, or its business carried on, before proceeding to enforce the individual liability of the stockholders under How. Stat. §§ 4886–4899, although it may appear that the corporation had property or effects in another county.

2. Act No. 129, Laws of 1883 (3 How. Stat. §§ 3718a–3718h), section 7 of which provides for the enforcement of the individual liability of stockholders for labor and materials furnished for corporations organized under said act during the time they

were stockholders, "at any time after an execution shall be returned not satisfied against such company," must be construed with Act No. 141, Laws of 1877, providing for the enforcement of the individual liability of stockholders, and the execution referred to in the later act is to issue to the county where the principal office of the corporation is situated, as provided in the 1877 act.

3. In a proceeding under How. Stat. §§ 4886–4899, to enforce the individual liability of stockholders, the return of the sheriff of an execution against the corporation, issued to the proper county, unsatisfied, is conclusive between the parties; citing Michels v. Stork, 52 Mich. 263.

4. Section 7 of Act No. 129, Laws of 1883, entitled "An act for the organization of telephone and messenger service companies," making stockholders individually liable for labor and material debts, is fairly embraced within the title of the act.

5. Act No. 141, Laws of 1877, providing for the enforcement of the individual liability of stockholders, is not unconstitutional by reason of the exemption from its operation of cases where the suit is for labor, and the action is brought by the person who performed the labor.

6. The provisions of chapter 130 of the Compiled Laws of 1871, under which the individual liability of stockholders was enforced by bill in chancery, was amended by implication by Act No. 141, Laws of 1877, which repealed all inconsistent acts, or acts giving any other or different remedy, or form of remedy, and the later act is not in conflict with section 25, art. 4, of the Constitution, which requires the re-enactment and publication at length of altered or amended sections.

Error to Eaton. (Hooker, J.) Argued July 2, 1891. Decided July 28, 1891.

Proceedings to enforce the individual liability of a stockholder. Defendant brings error. Affirmed. The facts are stated in the opinion.

*James M. Powers*, for appellant.

*P. T. Van Zile*, for plaintiff.

[The points of counsel are fully discussed in the opinion.—REPORTER.]

Long, J. On the 25th day of July, 1887, the Michigan Cushman Telephone Company, a corporation, was organized under the laws of this State, and was doing business as such corporation between the 1st day of August, 1887, and the first day of December, 1887. Between those dates it was engaged in constructing a line of telephone within the State of Michigan, and for that purpose, and for a part of the material to be used in said construction, purchased of the plaintiff a quantity of telephone poles, which were during the time aforesaid delivered and used in the construction of said line. The telephone poles were worth and were contracted for by the said corporation at the sum of $490.50. On the 25th day of February, 1889, a judgment was duly obtained in the circuit court for the county of Eaton, by the plaintiff, against the corporation, for the sum of $490.50, and costs taxed at $22.60. The judgment was rendered for the debt due the plaintiff for said telephone poles, and no part of the judgment has ever been paid. At the time of the organization of said corporation, and ever since, the principal office of said corporation has been in the city of Charlotte, Eaton county, Mich. On the 2d day of May, 1889, the plaintiff caused an execution to be issued out of said circuit court, which was delivered to the sheriff of said county, and was afterwards returned wholly unsatisfied.

On the 17th day July, 1889, an order was entered in the said circuit court on the application of the plaintiff, requiring the secretary of the Michigan Cushman Telephone Company to file in said circuit court and cause a statement under oath, disclosing the name, residence, and amount of stock held by each of said stockholders of said corporation. On the 25th day of October, 1889, the secretary of said corporation, in pursuance of said order, filed a statement, which showed that the defendant in

this case, John Evans, together with four others, held each $10,000 in nominal amount of stock in said corporation. On or about the 15th day of November, 1889, the plaintiff filed a petition for judgment against the individual stockholders, and ·a citation was thereupon issued and served upon each of said stockholders, requiring them to show cause why judgment should not be rendered against them for the amount so recovered against said corporation. The respondent in this case and two other stockholders appeared in said cause, and filed separate answers to said petition. The default of the other two defendants was entered. The answer of this respondent alleged:

1. That at the time of the issuing and the return of said execution, and at the time of the filing of said answer, the said corporation had a large amount of property subject to levy and sale on execution, and more than sufficient to satisfy· the same, which should be exhausted before judgment could be rendered against the individual stockholders.

2. That the law does not authorize a judgment to be entered against the individual stockholders for the debt described in the petition.

3. That the statute (Act No. 129, Laws of 1883) under the provisions of which said petition was filed, so far as it attempts to make the stockholders of said corporation individually liable for materials furnished for said corporation, is unconstitutional and void, for the reason that the title of said act does not cover that portion or section of said act which purports to make stockholders individually liable for materials furnished for such corporation.

4. That the object of such act is not sufficiently stated in its title.

5. That there is no law authorizing the proceedings by petition in a court of law to hold stockholders individually liable for debts contracted by such corporation, for materials furnished to such corporation.

The cause came on for trial before a jury in the circuit court for the county of Eaton, on the 23d day of

July, A. D. 1890, and judgment was rendered against this respondent for the whole amount of the judgment recovered by the plaintiff against said corporation, being for the sum of $532.15. On the 25th day of November, 1890, an order apportioning said judgment was duly entered in said court and cause. On the trial of the cause the defendant offered to prove the amount of property owned by the Michigan Cushman Telephone Company at the time the execution against the corporation was returned unsatisfied. Upon objection being made to the introduction of this proof, the counsel for defendant stated to the court that he purposed to show by the secretary of the company that, at the time the execution was issued and returned, there was $8,000 worth of property belonging to the company, consisting of a line of telephone poles and wires extending from Lansing to Detroit, and situate in the counties of Ingham, Shiawassee, Genesee, Oakland, Wayne, and Clinton, but no property within the county of Eaton, where the action was brought, except the franchise of the company. The court sustained plaintiff's objection to this testimony. Counsel for defendant then offered to show that, at the time the execution was issued, this property was subject to levy and sale on execution, and that the company still owned said property situate in the above-named counties. This was ruled out by the court.

The errors relied upon for which it is claimed judgment should be reversed are:

1. The introduction in evidence by the plaintiff of the execution, the petition requiring the secretary of the company to file the statement showing the name, residence, and amount of stock held by each stockholder, and the statement filed by the secretary.

2. The refusal of the court to allow the defendant to show the amount of property held by the corporation at

the time the execution was issued and returned unsatisfied.

3. The refusal of the court to allow the defendant to show by the witness Samuel Pollock that he, as sheriff, made no attempt to levy the execution upon the franchise of the corporation, or to find any other property, and, if he did, to show what he did do.

4. The ruling of the court in refusing to direct a verdict in favor of the defendant.

The reasons given for this last proposition are.

1. The statute under which the Michigan Cushman Telephone Company was organized is unconstitutional and void, so far as it undertakes to make stockholders individually liable for the debts of the corporation for materials, for the reason that said act is broader than the title, and is in conflict with section 20 of article 4 of the Constitution of the State of Michigan.

2. The said act makes an unlawful and unconstitutional discrimination in favor of persons furnishing material for such corporations.

3. By the terms of the act under which the Michigan Cushman Telephone Company was organized the remedy to enforce the individual liability of stockholders is by bill in chancery.

4. The act of 1877, being the act authorizing these proceedings and under which this petition is filed, is unconstitutional and void, for the reason that it gives a remedy to one class of persons, which by the terms of the act is denied to all others.

5. The said act of 1877 is so defective in its provisions as to be incapable of enforcement.

6. The execution issued against the Michigan Cushman Telephone Company should have been levied upon the franchise of the corporation, and such franchise sold, before the execution was returned unsatisfied, in whole or in part.

7. The corporation has property within the reach of an execution issued out of the court which should have been levied upon and sold before the execution was returned unsatisfied, and before these proceedings could be commenced.

We shall discuss the objections of defendant's counsel in the order in which they are raised.

It appears that the following facts were stipulated by counsel for the respective parties:

"1. That on the 25th day of July, 1887, the Michigan Cushman Telephone Company, a corporation, was duly organized under and by virtue of the laws of the State of Michigan, and under and by virtue of said organization and said laws was doing business as said corporation between the 1st day of August, 1887, and the 1st day of December, 1887.

"2. That between the said 1st day of August, 1887, said corporation was engaged in constructing a line of telephone within the State of Michigan, and for that purpose, and for a part of material to be used in said construction, purchased of the plaintiff, Henry C. Ripley, a quantity of telephone poles, which were between the last aforesaid dates delivered and used in the construction of said line.

"3. That said telephone poles, so purchased and used as aforesaid, were worth and were contracted for the sum of $490.50, and that on the 25th day of February, 1889, a judgment was duly obtained, rendered, and entered in the circuit court for the county of Eaton, State of Michigan, for said sum of $490.50, upon which judgment costs were afterwards taxed at $22.60, and that no part of said judgment and costs has ever been paid.

"4. That at the time of the organization of said corporation, and ever since said organization, and now, the principal office of said corporation has been and is at the city of Charlotte, in the county of Eaton and State of Michigan."

The corporation was organized under Act No. 129, Laws of 1883. Section 3 of that act provides that "the stock of every such corporation shall be divided into shares of $100 each, and shall be deemed personal property." Section 7 of the act provides as follows:

"The stockholders of all corporations organized under this act shall be individually liable for all labor performed and materials furnished for said corporation during the time they were stockholders as aforesaid, which said liability may be enforced against any stockholder, founded on this statute, at any time after an execution shall be returned not satisfied against such

company:  *Provided, always,* that if any stockholder shall
be, compelled, by any such action, to pay such debts of
any creditor, or any part thereof, he shall have the right
to call upon all the stockholders to contribute their part
of the sum so paid by him as aforesaid, and may sue
them jointly or severally, or any number of them, and
recover in such action the ratable amount due from the
person or persons so sued."

It is provided by section 8 of the act that—

"Every corporation organized hereunder shall be sub-
ject to the provisions of chapter 130 of the Compiled
Laws of 1871, so far as applicable, and of Act No. 168
of the Session Laws of 1881, approved May 26, 1881,
entitled 'An act to provide for the assessment of and
taxation of telegraph and telephone lines within the
State of Michigan, and to repeal Act No. 77 of the Ses-
sion Laws of 1879, approved May 20, 1879.'"

Chapter 130 of the Compiled Laws of 1871 contains
the general provisions of the statute relating to corpora-
tions, and, in substance, contains the provisions of
chapter 55 of the Revised Statutes of 1846, with the
amendments thereto since that date.

In 1877 the Legislature passed an act entitled "An act
to provide for the enforcement of the individual liability
of stockholders of corporations." Act No. 141 (How.
Stat. §§ 4886–4899). This act provides as follows:

"Sec. 1.  That whenever, by the Constitution or laws
of this State, the stockholders of any corporation are
individually liable for any debts of such corporation, the
remedy for the enforcement of such liability shall be as
hereinafter prescribed and not otherwise: *Provided,* that
this act shall not apply to cases where the suit is for
labor, and the action is brought by the person who per-
formed the labor.

"Sec. 2.  No proceeding shall be taken to enforce
such liability until after a judgment has been recovered
against the corporation on account of such indebtedness,
and an execution issued upon such judgment to the
county in which its principal office is situated or its

business carried on has been returned unsatisfied, in whole or in part.

"Sec. 3. Whenever judgment has been recovered against any corporation for an indebtedness for which the stockholders of such corporation are by law liable, and an execution has been issued thereon as above provided, and returned unsatisfied, the court, upon application of the plaintiff, shall enter an order in such suit requiring the secretary, or other proper officer of such corporation, within a time designated in such order, to file in said cause a statement, under oath, of the names and residences of all persons who appear by the books of such corporation, or that such officer has reason to believe were stockholders therein at the time the debt for which such judgment was recovered accrued, and the amount of stock held by each of said persons, and, upon service upon such officer of a duly-certified copy of such order, it shall be his duty to comply therewith.

"Sec. 4. The statement mentioned in the last preceding section having been filed, plaintiff may make and file in the case his petition in writing, setting forth:

"*First.* That he has obtained a judgment against the corporation, and the amount thereof.

"*Second.* That execution has been issued thereon, and returned in whole or in part unsatisfied, as the same may be, and the sum remaining unpaid thereon.

"*Third.* That the several persons named in such statement of the officer of the corporation were, at the date the debt accrued on which the judgment was rendered, stockholders in such corporation, and the amount of stock held by each.

"*Fourth.* What was the consideration received by the corporation for the debt on which such judgment was rendered; and praying that judgment may be awarded against said several stockholders in favor of the plaintiff for the sum so as aforesaid averred to be due from said corporation, and that a citation may issue from said court, under the seal thereof, to the said several stockholders, requiring them to appear in said cause on a certain day, to be therein named, and answer why judgment should not be entered against them as therein prayed."

This act further provides that on the filing of the petition the citation shall issue, to be served upon the stockholders, and that on the return-day the person so

cited shall make separate and several answer in writing, signed by him, to such petition, and if the liability be denied, or facts shall be relied upon in defense against such charge of liability, such answer shall contain a statement of such facts, or the specific grounds of defense; and that the issue thus made by the petition and answer, whether of fact or law, shall be tried in the same manner as like issues of fact or law are tried. Section 7 of the act provides that—

"On the trial of any issue of fact formed as aforesaid, the judgment against the corporation, and the amount thereon remaining unpaid, as shown by the return of the execution thereon, shall be *prima facie* evidence of the sum due to the plaintiff, but not that the debt on which said judgment was rendered is one for which respondents are personally liable."

The act provides further that, after the several issues shall have been determined and judgment awarded against the several persons named in the petition, the court shall make an order in the cause apportioning between them the sum for which they have been severally adjudged liable, *pro rata*, according to the stock held by each.

Section 14 of the act provides as follows:

"All acts and parts of acts inconsistent with this act, or giving any other or different remedy, or form of remedy, are hereby repealed."

It appears that the proceedings by the plaintiff in this cause have been conducted strictly in accordance with the provisions of this act, and we think that, under the provisions of section 2 of the act, after the execution which shall have been issued upon the judgment rendered against the corporation to the county in which its principal office is situated, or its business carried on, has been returned unsatisfied, proceedings may then be commenced under

the act for the enforcement and collection of the debt by judgment against the individual stockholders; and that it is not necessary to issue and have returned unsatisfied an execution to any other county in the State, although it may appear that the corporation had property or effects situate in such other county. The execution was issued, as appears by the record in this case, to the county where the principal office of the corporation was situated, that is, Eaton county, where its business was carried on, and returned wholly unsatisfied. , It further appears that the corporation had no property, except its corporate franchise, situate within that county.

It is contended by counsel for defendant that Act No. 129, Laws of 1883, under which the corporation was organized, does not provide that the execution shall issue to and be returned by the sheriff of the county where judgment was obtained. This is true. Section 7 of that act makes stockholders liable individually for labor and materials furnished for the corporation during the time they were stockholders, "which said liability may be enforced against any stockholder, founded on this statute, at any time after an execution shall be returned not satisfied against such company." But these two statutes (Act No. 141, Laws of 1877, and Act No. 129, Laws of 1883) must be construed together, and, under the provisions of section 2 of Act No. 141 of 1877, the execution is to issue to the county where the principal office of the company is situated. The court was not, therefore, in error in refusing to permit the defendant to introduce testimony showing that the corporation had property outside the county of Eaton which might have been levied upon by execution.

It is insisted, however, that the court should have permitted the defendant to show, notwithstanding the sheriff's return, that the corporation had property situate

within that county. All that is claimed for this is that the franchise of the company was liable to levy and sale on execution. The sheriff's return upon that question, as between these parties, is conclusive. *Michels v. Stork,* 52 Mich. 263, and cases there cited.

Counsel for defendant in his brief, however, contends that section 9 of chapter 130 of the Compiled Laws of 1871 authorizes the franchise to be levied upon, and that such franchise was property which should have been seized and sold before return of execution. The section reads as follows:

"When any judgment shall be recovered against any turnpike or other corporation, authorized to receive toll, the franchise of such corporation, with all the rights and privileges thereof, together with all their corporate property, both real and personal, may be taken on execution, and sold at public auction."

Section 13 of the same act provides as follows:

"The officer's return on such execution shall transfer to the purchaser all the privileges and immunities which by law belonged to such corporation, so far as relates to the right of demanding toll; and the officer shall, immediately after such sale, deliver to the purchaser possession of all the toll-houses and gates belonging to such corporation, in whatever county the same may be situated."

From the reading of these two sections it clearly appears that the words "other corporation," in section 9, mean other corporations having toll-houses and toll-gates, and do not refer to a different character of corporations to which other provisions of that chapter relate. We think, therefore, that there is no force in the claim that the sheriff should have levied upon and sold the corporate franchise of the company before he could return his execution unsatisfied. There was no property situate in that county except the bare franchise or right to erect telephone lines, which is not an exclusive right to these persons who are the organizers of the corporation.

We may now pass to the principal question raised in the case, and that is upon the claim of defendant's counsel that the court was in error in not directing a verdict in favor of the defendant. The grounds of this claim have been heretofore set out. It is claimed that the act under which the company was organized is unconstitutional, so far as it undertakes to make stockholders individually liable for the debts of the corporation for materials, for the reason that the act is broader than the title, and is therefore in conflict with section 20 of article 4 of the Constitution. The title of the act is—

"An act for the organization of telephone and messenger service companies."

As we have before said, this act must be construed in connection with Act No. 141, Laws of 1877, which became a part of chapter 130, as it now stands, of the Compiled Laws of 1871, and having reference to different classes of corporations, and rights and liabilities of stockholders therein. The part of the act of 1883 complained of is section 7, which provides for the individual liability of stockholders for labor performed and materials furnished for the corporation. The claim made by defendant's counsel is that under this title the duties, liabilities, and obligations of the corporation might have been defined, and the method of carrying on the business of the corporation in its corporate capacity might have been provided for; but that when the Legislature attempted to include in the provisions of this act something which had no relation to the corporation in its corporate capacity in any way, and attempted to operate upon private individual rights, it was entering a new field, and that such provisions were not within the title of the act; and that any action of the Legislature, looking to the making or creating of an obligation which would not otherwise exist, ought to be clearly stated in the title of

the act imposing such liability or obligation. We think this provision making stockholders liable for the debts of the corporation is germane to the organization of the corporation, and not a violation of the constitutional provision as claimed by defendant's counsel. This constitutional provision is—

"No law shall embrace more than one object, which shall be expressed in its title."

This provision requires that the title shall fairly indicate the general object of the law. Mr. Cooley, in his work on Constitutional Limitations, page 144, speaking upon the subject, says:

"The general purpose of these provisions is accomplished when a law has but one object, which is fairly indicated by its title. To require every end and means necessary or convenient for the accomplishment of this general object to be provided for by a separate act relating to that alone, would not only be unreasonable, but would actually render legislation impossible."

It was said by Mr. Justice GRAVES in *Harrington v. Wands*, 23 Mich. 389:

"If we were to hold that no act can have any operation further than the title actually expresses, we should outrun the Constitution, unsettle much of the legislation of the last 20 years, and throw an obstacle in the path of future legislation which no human wisdom could overcome."

In *Johnson v. Higgins*, 3 Metc. (Ky.) 566, that court, speaking of similar provisions of their constitution, say:

"The constitutional provisions should receive a reasonable construction, and any provisions of the act directly or indirectly relating to the subject expressed in the title, and having a natural connection therewith, and not foreign thereto, should be deemed embraced by it."

This Court in *Ryerson v. Utley*, 16 Mich. 278, quote this language from the supreme court of Kentucky, and

say: "We approve of the principle of this decision as thus stated." We are satisfied, within the previous decisions of this Court, that section 7 of the act of 1883, making stockholders individually liable. for corporate debts, is fairly embraced within the title, and therefore not within the constitutional prohibition.

Counsel for defendant also claims that Act No. 141, Laws of 1877, is unconstitutional, for the reasons:

1. That it is class legislation.
2. That it amends or alters other statutes, without re-enacting or publishing at length the section to be altered or amended.

Upon the point that it is class legislation, counsel refers to section 1 of that act, which we have heretofore set out, and bases his claim upon the provision of that section which exempts claims for labor from the operation of the act. We think there is no force in this claim. All labor claims are treated alike, and provision is made for the enforcement of such claims under other statutes. The fact that the act of 1877 only includes claims for materials furnished the corporation, and expressly exempts labor claims from its operation, does not make the act class legislation, within the meaning which counsel seeks to put upon it. All that can be required in such cases is that the act shall be general in its application to the class to which it is intended to apply. It is a question of legislative discretion and policy to determine what class of claims shall be embraced within the act. Cooley, Const. Lim. 390.

Upon the second point it is urged by defendant's counsel that the act of 1877 takes away all other remedies provided by law for the . enforcement of the individual liabilities of the stockholders of corporations, except where the suit is for labor, without re-enacting or pub-

lishing at length the section to be altered or amended; and that, therefore, the act is in violation of section 25 of article 4 of the Constitution of this State.[1] Section 14 of the act of 1877 provides that "all acts and parts of acts inconsistent with this act, or giving any other or different remedy, or form of remedy, are hereby repealed." We need not discuss this question. The remedy for the enforcement of such claims prior to the act of 1877 was by bill in chancery. By the provisions of the act of 1877 the form of the remedy is changed so that after judgment against the corporation, and return of execution unsatisfied, a citation may issue to the stockholders to appear and answer, and show cause why judgment should not be rendered against them individually. By implication, chapter 130 of the Compiled Laws of 1871, in its provisions as to the enforcement of the liability against individual stockholders, was amended by the act of 1877. It has been repeatedly held in this State that a statute having amendatory effect by implication to repeal inconsistent acts is not in conflict with section 25 of article 4 of the Constitution, because not re-enacting and publishing at length the acts so altered and amended by implication. *People v. Mahaney,* 13 Mich. 481; *Underwood v. McDuffee,* 15 Id. 361; *Jones v. Commissioner,* 21 Id. 236; *Harrington v. Wands,* 23 Id. 385; *Mok v. Building Ass'n,* 30 Id. 511.

We have quoted these statutes, and dwelt upon them at great length, for the reason that this is the first case coming before this Court where the remedy to enforce the liability against individual stockholders has been sought under the provisions of act of 1877. We are sat-

---

[1] This section provides that "No law shall be revised, altered, or amended by reference to its title only; but the act revised, or the section or sections of the act to be altered or amended, shall be re-enacted and published at length."

isfied that the Legislature intended by the act of 1883, under which the corporation was organized, to make the previous statutes having reference to the remedy over against stockholders a part of that act, and that the plaintiff has substantially followed the provisions of the several acts in the enforcement of his claim against the stockholders.

We find no error in the record, and the judgment must be affirmed, with costs.

The other Justices concurred.

