## MACOMBER *v.* WRIGHT.[1]

1. EXECUTION—CORRECTION OF RETURN—PAROL EVIDENCE.

Where the return of a sheriff to an execution is dated on Sunday, but the clerk's indorsement on the execution and his entry on the calendar show the return to have been made on Saturday, parol evidence is admissible to show that the execution was actually returned on the latter date.

2. CORPORATIONS—LABOR DEBTS—STOCKHOLDERS' LIABILITY.

Where, in an action against a stockholder to recover the amount of the damages and costs awarded to the plaintiff in a suit against the corporation for personal labor, judgment is taken for the amount of the damages only, an objection that the return to the execution issued against the corporation failed to show that the sheriff could not collect the costs is without force.

3. SAME.

On the trial of an action against a stockholder to collect a judgment rendered against the corporation, the plaintiff proved by the files and records in the original case that the action was for a labor claim, that judgment was obtained upon said claim, and that an execution issued on said judgment

[1] Rehearing denied January 14, 1896.

had been returned unsatisfied. He then introduced in evidence. a stipulation, signed by defendant's attorneys, admitting that the defendant was a stockholder in the corporation at the time the labor sued for was performed. *Held,* that the evidence was sufficient to warrant a judgment against the stockholder.

Error to Kent; Grove, J. .Submitted December 4, 1895. Decided December 30, 1895.

*Assumpsit* by Frank C. Macomber against Edwin B. Wright to enforce the individual liability of defendant for labor performed for a corporation in which he was a stockholder. From a judgment for plaintiff, defendant brings error. Affirmed.

*Smith, Nims, Hoyt & Erwin* and *H. L. Delano,* for appellant.

*Taggart, Knappen & Denison,* for appellee.

LONG, J. This case was tried before the court without a jury, and judgment entered in favor of the plaintiff for $586. It appears from the facts found that the Muskegon Car Company is a corporation organized under the laws of this State for the purpose of manufacturing freight cars; that June 16, 1893, the. plaintiff began suit in the circuit court for Muskegon county against this company, for the purpose of recovering on a labor claim for personal labor performed for the company; that the declaration, together with the plaintiff's bill of particulars, claimed a recovery only for personal labor; that the defendant in that suit appeared, and pleaded the general issue; and on the trial the plaintiff recovered a judgment against the company for $555.68, with costs; that the costs were taxed at $67.60; that execution was thereafter issued upon such judgment, and delivered ₁to the sheriff of Muskegon county; that the sheriff made an indorsement upon the execution, as follows:

"Eleven dollars and sixty-five cents, the amount of an execution issued out of this court in favor of the Muske-

gon Car Company, and against Frank Macomber, is applied upon within execution at request of defendant's attorney.

"Dated July 13, 1894."

That on the next day the sheriff returned the execution with the following indorsement:

" I hereby certify that the within-named defendant has no goods or chattels, lands or tenements, in my county, whereof I can cause to be made the damages within mentioned, according to the exigencies of this writ, except the foregoing indorsement on execution for $11.65 in favor of the Muskegon Car Company and against Frank Macomber, hereunto indorsed.

" Dated July 15, 1894."

The court found further that July 15th was Sunday, and that the sheriff did not make such return, or file the execution with the clerk, on July 15th, but made the indorsement July 14th, and filed the same with the clerk of the court on that date, and that the dating of the return as July 15th was a clerical error. The court further found as follows:

" The defendant offered no testimony showing, or tending to show, that the labor on account of which said plaintiff recovered said judgment against said Muskegon Car Company was not labor for which the defendant, as a stockholder of said corporation, is individually liable, by virtue of the act under which said corporation is organized, and offered no evidence tending in any way to impeach the amount or validity of said judgment so recovered by said plaintiff against the said Muskegon Car Company, and offered no evidence showing or tending to show that plaintiff did not actually perform for said Muskegon Car Company the labor alleged by him to have been performed in his said declaration and bill of particulars so filed against said Muskegon Car Company."

This suit was brought against the defendant, as a stockholder in the Muskegon Car Company, to recover from him the amount of the damages and costs as shown by the judgment against the corporation. Judgment was entered upon the above findings in favor of the plaintiff,

and the defendant thereafter asked, and was permitted, to amend the last-named finding as follows: "The plaintiff did not offer any testimony tending to show the time when the work and labor was performed, or the nature or character thereof, other than what was contained in the stipulation." The stipulation recites, among other things, that for the purpose of saving expense to the parties, and to avoid the necessity of bringing witnesses and proofs from Muskegon to be used herein, it is stipulated and agreed as follows: That on or about June 16, 1893, plaintiff began suit in the circuit court for Muskegon county against the Muskegon Car Company, a manufacturing corporation organized and existing under the laws of this State, for the purpose of recovering against said corporation on certain labor claims alleged to have been created in favor of plaintiff and against said corporation; that judgment was entered against the corporation, and execution issued thereon and returned unsatisfied; that defendant in this suit, at the time said labor was performed, was, and now is, a stockholder in said corporation.

Two questions are raised upon this record by the defendant:

(1) That the court erred in admitting in evidence the return of the sheriff to the execution, for the reasons (a) that the return was made on Sunday, and the court admitted oral testimony to show that the execution was actually returned on the day prior; (b) that the return showed he could not cause to be made the damages therein mentioned, whereas the execution directed him to cause to be made damages and costs.

(2) That the mere introduction of the files in the original case, including the judgment entry, together with the execution returned unsatisfied, was not affirmative proof of the character of the claim made, either as to the time when the labor was performed or the nature and character thereof, so as to show that the defendant, as a stockholder, would be liable therefor, and, therefore, that the plaintiff did not make such a case as entitled him to recover.

1. The cases of *Michels* v. *Stork*, 52 Mich. 266, and *Ripley* v. *Evans*, 87 Mich. 217, hold that the sheriff's return is conclusive as to the facts therein stated concerning the action of the sheriff during the time the writ was in his hands, in executing or attempting to execute it, and that it cannot be contradicted by evidence *dehors* the record. But in the present case no attempt was made to contradict any of the facts set out in the return. It appeared that the date attached to the return was Sunday, and the clerk's entry upon his calendar, and the indorsement of filing on the writ, showed the return to have been made on Saturday, the 14th. We think it was proper to show that fact. It is an exception to the rule where some other portion of the record in the same case contradicts the return, as the record in the clerk's office did in the present case. In the correction of dates to a sheriff's return, the courts of some of the States have held that parol evidence is admissible. *Welch* v. *Butler*, 24 Ga. 445; *Worthy* v. *Warner*, 119 Mass. 550; *King* v. *Russell*, 40 Tex. 125; *Ellison* v. *Wilson*. 36 Vt. 60; *Hunter* v. *Stoneburner*, 92 Ill. 79. The objection, therefore, we think, has no force.

As to the point that the return does not show that the sheriff could not collect the costs, it is clear that the judgment in the present case was not taken against the defendant for the amount of the costs in the case against the corporation, and therefore the defendant has no right to complain.

2. The statute provides (3 How. Stat. § 4161c8) that "the amount due on such execution shall be *prima facie* evidence of the amount recoverable." It is claimed that the "amount recoverable" refers to the amount of the judgment, and is to be construed in the light that the plaintiff has introduced proper testimony to show the time when the labor was performed, and the nature and character thereof, before attempting to establish the amount due for such labor by the introduction of an unsatisfied

execution.   If the judgment entry and the files in the case against the corporation, together with the execution returned unsatisfied, did not make a *prima facie* case against the defendant, as contended by counsel,—a point which we need not now discuss or determine,—yet the introduction of the stipulation in evidence, together with the other evidence, did make a case.   By the terms of the stipulation, it was agreed that the defendant was a stockholder in the corporation at the time the labor was performed.   There was then proved by the files and records that the action was for a labor claim against the corporation; that a judgment was obtained upon a labor claim, and an execution was issued thereon and returned unsatisfied; and by the stipulation it was agreed that defendant was a stockholder at the time the labor was performed.   Under *Voight* v. *Dregge*, 97 Mich. 322, the defendant, being a stockholder at the time the labor was performed, would be liable.   There was sufficient evidence to warrant the judgment.

Judgment must be affirmed.

The other Justices concurred.