## HILL et al. v. GORDON et al.

### (Circuit Court, N. D. Florida. February 24, 1891.)

1. FEDERAL COURTS—JURISDICTIONAL AMOUNT—PRESUMPTION.

   In an injunction suit to restrain the enforcement of a judgment rendered 20 years before, it will not be presumed that the amount involved was not within the jurisdiction of the circuit court, where the declaration contained several counts which together claimed a greater amount, though the judgment rendered was for less than the jurisdictional amount.

2. SERVICE OF PROCESS—RETURN.

   Where there is personal service on defendant, a return in the name of a special deputy-marshal, instead of in the name of the marshal, is a mere irregularity, to which objection cannot be raised by strangers to the judgment.

3. TAX-DEED—RECORDING—NOTICE.

   Where defendant was in possession of land at the time when judgment was rendered against him, and for two years after, the lien of such judgment is superior to a tax-deed for such land executed before judgment, but not acknowledged and proved for record as required by law, as such deed, though spread on the records, was not constructive notice to subsequent creditors or purchasers.

4. JUDGMENT LIEN—ADVERSE POSSESSION.

   Adverse possession for seven years, the statutory period in Florida, cannot defeat a judgment lien.

5. ESTOPPEL—IN PAIS—JUDGMENT—ENFORCEMENT.

   The holders of a judgment are not estopped to enforce it because purchasers of the land after it was entered have made improvements, where such purchasers were bound to know that such judgment was unsatisfied, and that the tax-deed under which they claim was not duly recorded.

6. EQUITY—LACHES—DELAY IN ENFORCING JUDGMENT.

   A delay of 20 years in proceeding to enforce a judgment against land does not render the holder thereof guilty of laches, where there were prior judgments that were liens on the land for more than its value, some of which a purchaser of the land had bought, and was holding against it.

In Equity.    Application for injunction.
*Hampden & Cooper & Cooper*, for complainants.
*E. P. Axtell*, for defendants.

SWAYNE, J.    The complainants in this cause seek, by bill in equity, to enjoin the sale of certain real estate levied upon by virtue of an execution issued upon a judgment in favor of the defendants herein against one John T. Matthews, said property being levied upon as the property of said defendant in execution.    The material allegations of the bill are as follows:    (1) That this court did not have jurisdiction over the subject-matter, nor the person of the defendant in the original suit at law.  (2) That the judgment and execution were illegal and void, because the judgment did not set forth the names of the parties composing the firm of Gordon, Fellows & McMillan, plaintiffs in execution, and because the execution varies from the judgment, in that the names of the parties plaintiff are fully set out.    (3) That the complainants claim the property in question under an independent title, and not through or under the defendant in execution.    (4) That the complainants, and those under whom they claim, have been in adverse possession of said property for more than seven years prior to the levy under said execution.    (5) That the defendants (plaintiffs in execution) are estopped from enforcing their judgment lien, because the complainants have used and improved the property for many years, and because of the laches of defendants in failing to execute their judgment at an earlier date.    The defendants having filed their answer, and the testimony having been taken, the case is before the court upon a final hearing.

1. It appears that the defendants herein brought their suit at common law in this court on the 10th day of August, 1869, against John T. Matthews, the defendant in execution, by filing a *præcipe* for summons *ad respondendum*, laying their damages at $1,000, the writ issued setting forth damages to that amount, and was served upon the defendant.    On the same day the plaintiffs in execution (defendants herein) filed their declaration in *assumpsit*, containing three counts, to-wit:    (1) That defendant was indebted to plaintiff in the sum of $500 for goods sold and delivered;    (2) and in the sum of $500 upon an account stated;    (3) and in the sum of $500, money had and received.    The *addendum* clause of the declaration lays the damages at $1,000.    The matter in dispute is the amount claimed by the plaintiff in his declaration, taken in connection with the damages alleged.

In *Kanouse* v. *Martin*, 15 How. 207, the court says:

"The words 'matter in dispute' do not refer to disputes in the country, or the intentions or expectations of the parties concerning them, but to the claims presented on the record to the legal consideration of the court.    What the plaintiff thus claims is the 'matter in dispute,' though the claim may be incapable of proof, or only in part well founded."

In *West* v. *Woods*, 18 Fed. Rep. 665, the court says:

"It is the settled doctrine that, so far as concerns courts of the first instance, the declaration or pleadings of the plaintiff, presenting his claim, is the sole test by which the jurisdiction is to be decided, so far as the matter in

dispute is concerned. The jurisdiction, when dependent upon the amount in dispute in case of appeal or writ of error, is determined by a different standard. There the test is the amount in dispute at the time the appeal is taken. Where the declaration shows the requisite amount is demanded, this court has jurisdiction."

1. In the case of *Armstrong* v. *Ettlesohn*, 36 Fed. Rep. 209, decided in 1888, the declaration had three counts: (1) Upon a promissory note, $875; (2) money had and received, $875; (3) work and labor done, $875. Upon demurrer of defendant, and motion to dismiss for want of jurisdiction, on the ground that the plaintiff had only one right of action, and could recover only on one count, the court held that, upon the face of the declaration, which could only be considered upon demurrer, there appeared three causes of action, aggregating more than the jurisdictional amount. The court overruled the demurrer, saying, if it should afterwards appear that there was only one cause of action, the case would be dismissed. In the case at bar each count sets forth a separate cause of action, which, when taken in connection with the *addendum* clause, clearly gave this court jurisdiction as to the matter in dispute; and having acquired jurisdiction upon a well-established principle, prior to the act of 1875, this court could proceed to judgment. But it is contended that, the plaintiffs having filed a bill of particulars under the first count for $405.50, a sum less than $500, they were bound by that, and could introduce no proof as to the other counts, and that this court must now presume that to be the only cause of action, and that the sum in dispute was really less than $500. The plaintiffs were entitled to amend their bill of particulars, and, by leave of the court, introduce evidence to sustain the other counts. McClel. Dig. p. 834, §§ 96, 97. There was a trial of the cause before a jury, and a judgment was entered on the 7th day of December, 1869, for $416.04, and it is to be presumed that the question of jurisdiction was then determined. This court will not, at this late day, say that the court who tried the cause was so remiss in its duty as to allow judgment to be entered in a cause in which the court had no jurisdiction. If the plaintiffs had declared solely upon the court for goods sold and delivered for $405, concluding with the averment that they had sustained damages of $1,000, it would be entirely a different case from the present one, and the court would be justified in holding that there was no jurisdiction as to subject-matter. It is contended by the complainants that the court had no jurisdiction of the person of the defendant John T. Matthews, because the return upon the original writ was made in the name of a special deputy United States marshal, and not in the name of the marshal. There was personal service upon the defendant, and the making of the return in the name of the deputy was, at the most, only an irregularity which the defendant above could take advantage of in the original proceedings, and cannot be raised by strangers to the judgment. I am of the opinion that the court had jurisdiction both of the subject-matter and the person of the defendant.

2. By reference to the judgment roll, it can be readily determined in whose favor the judgment is rendered and execution issued, and it is immaterial that the individual names of the plaintiffs are not fully set

forth in the judgment, and the variance in setting out the names in the execution is not fatal. The judgment and execution are legal and valid.

3. It is admitted that the defendant in execution, John T. Matthews, owned and was in possession of the land in question on the 16th day of March, 1868. Complainants allege that on that day said property was purchased at tax-sale by one Stephen McCall; that he received a tax-deed for the same; and that he went into immediate possession of the property; and that complainants claim under him. The only proof offered to sustain this allegation is a certified copy of a purported tax-deed, purporting to have been executed on the said 16th day of March, 1868, and which was spread upon the public records of Alachua county, where the land is situated, without ever having been acknowledged or proven for record, as required by the laws of the state. It has long been held that an attempted record of this character is no record, but a nullity. *Townsend* v. *Edwards*, (Fla.) 6 South. Rep. 212. This certified copy is not admissible in evidence for any purpose whatever. The complainants have failed to show that the title to the property has ever passed out of Matthew's hands, the defendant in execution; moreover, it was established that Matthews was in actual possession of the property at the date of the judgment, and for more than two years thereafter, and the tax-deed, never having been legally recorded under the laws of this state, was not notice to subsequent creditors or purchasers without actual notice. *Carpenter* v. *Dexter*, 8 Wall. 532; *Doyle* v. *Wade*, 23 Fla. 90, 1 South. Rep. 516. The judgment lien of the defendants is superior to the unrecorded tax-deed, admitting that there was such a deed, which was not established by legal evidence.

4. The fact that the complainants, and those under whom they claim, have been in the actual possession of this property for more than seven years, the statutory period, does not defeat the defendants' judgment lien. A judgment lien is on the same footing with a mortgage lien, and it will not be contended that adverse possession for seven years will defeat a mortgage lien.

5. When the complainants purchased this property, and improved it, they were bound to take notice that the pretended tax-deed had never been recorded, and that the defendants' judgment stood unsatisfied upon the records of the court. The maxim, *caveat emptor*, applies. One of the complainants swears that he knew that Matthews was in possession of the property as late as 1871. The question of laches must be determined to a great extent upon the facts of each case. In this case the court is of the opinion that the defendants are not guilty of laches in not attempting to execute their judgment at an earlier day, because the testimony discloses the fact that there were a large number of other and abler judgments creating liens against the property, amounting to more than its value, and defendants could not safely proceed to execute their judgment until these prior liens had been extinguished; moreover, it appears that the complainant Hill had purchased a large amount of these liens, and was holding them against the property, or, at least, the interest, of his co-tenant therein, with the evident intention of protecting and

strengthening his title thereby. It seems to the court that the complainants knew that their title was defective, and thus sought to perfect it, and cannot, in any sense, be considered purchasers, and entitled to the relief they seek. The bill must therefore be dismissed.