## FRED L. VOIGHT v. JOHN DREGGE.

*Street railways—Corporate debts—Liability of stockholders.*

1. The liability of a stockholder in a street-railway company, under How. Stat. § 3557, which provides that the stockholders of

every such company shall be jointly and severally liable, in their individual capacity, for all labor performed for the company, is not affected by a sale and transfer of his stock after the labor has been performed, and before a suit is brought against the company to recover for the same.

2. The recovery of a judgment before a justice of the peace against a street-railway company for labor performed for the company, and the return of an execution issued thereon unsatisfied, will support an action against a stockholder, under How. Stat. § 3559, which provides that no suit shall be brought against any individual stockholder for any such labor debt until judgment on the demand shall have been obtained against the company, and execution thereon returned unsatisfied, in whole or in part.

Error to Kent. (Grove, J.) Submitted on briefs June 30, 1893. Decided October 27, 1893.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Wesselius, Corbitt & Ewing,* for appellant, contended:

1. The following authorities hold that only those stockholders who own stock when the execution is returned unsatisfied are liable: *Bank v. Magill,* 5 Conn. 28; *Curtis v. Harlow,* 12 Metc. 3; *Davidson v. Rankin,* 34 Cal. 503; *Brown v. Hitchcock,* 36 Ohio St. 667; Cook, Stock & S. § 259, and cases cited; and the stockholders are not to be held liable unless the assets of the corporation, including the unpaid capital stock, are insufficient to pay the debts; citing *Perkins v. Church,* 31 Barb. 84; *Culver v. Bank,* 64 Ill. 528; *Davidson v. Rankin,* 34 Cal. 503; *Bird & Co. v. Calvert,* 22 S. C. 292; and this cannot be ascertained by obtaining a judgment in justice's court, as the corporate real estate and franchises, and the property of the corporation in an adjoining county, if it have any, cannot be reached by an execution issued on such a judgment.

*Hatch & Wilson,* for plaintiff.

HOOKER,. C. J. But two questions arise in this case:

1. Can one be held personally liable for labor performed, while a stockholder, for a corporation organized under chapter 95, How. Stat., he having ceased to be a stockholder before action brought?

2. If so, can action be maintained after judgment in justice's court, and execution returned unsatisfied?

As to the first of these questions, defendant's counsel contend that the liability follows the stock into the hands of the purchaser, and that the former stockholder is released.

How. Stat. § 3557, provides:

"The stockholders of every company incorporated under this act shall be jointly and severally liable, in their individual capacity, for all labor performed for such company; and shall also be liable for the debts of such company, for an amount equal to the amount of any unpaid stock in such company held by them."

By the terms of this act every stockholder becomes a surety for the corporation upon its labor debts incurred during the period that he is such stockholder. Were he to become such surety by express agreement with the laborer, he would not cease to be so because of the sale of his stock. He might make such arrangement as he chose with the purchaser to assume the liability, but the creditor would not be affected thereby. If it were otherwise, the laborer's indemnity would be insecure. When the obligation is statutory, the stockholder becomes such surety with knowledge of this liability. The laborer contracts with reference to and in reliance upon it, and the Legislature cannot be supposed to have overlooked the danger of loss to the classes sought to be protected if a mere transfer of stock could be said to relieve the vendor of the stock from his liability. There is some conflict in the books upon this subject, though much of it may arise from differences in the statutes. The weight of authority seems to sustain the proposition that the liability is not affected by the sale of the stock. See Cook, Stock & S. § 259, and note. Whether the statute is broad enough to create a liability against the purchaser of the stock, and what his obliga-

tions to the former stockholder may be, need not be considered in this case.

The contention that a justice's judgment and execution will not support an action against a stockholder cannot be sustained. If the theory of suretyship be admitted, all that the law has ever required before action can be brought against the surety is that the remedy against the principal should be exhausted. There is no impediment to a relaxation of this rule by the Legislature, which has the power to pass a law permitting an action to be brought without requiring the creditor to exhaust his remedy. In this case the plaintiff recovered a judgment against the corporation for $46.75. Had it been paid, the defendant would not have been sued. His relations to the debtor corporation were not strictly those of an accommodation maker, but he was, when the obligation was assumed, personally interested, and there is no reason why the creditor, rather than the stockholder, should be inconvenienced by the failure of the corporation to do its duty by paying the judgment. We think the statute should not be construed in accordance with defendant's theory. The plaintiff complied with its requirements literally. He went into the only court in which the law permitted him to bring suit. He took his execution, and failed to collect.

The action was properly brought, and the judgment should be affirmed.

McGRATH, LONG, and GRANT, JJ., concurred. MONTGOMERY, J., took no part in the decision.