## KAMP *v.* WINTERMUTE.

CORPORATIONS—LIABILITY OF STOCKHOLDERS FOR LABOR DEBTS.

> 3 How. Stat. § 4161c8, making the stockholders of a manufacturing corporation individually liable for all labor performed therefor, and providing that such liability may be enforced against "any stockholder" upon the return of an execution against the corporation unsatisfied, applies only to those who were stockholders in the corporation at the time the labor was performed.

Error to Muskegon; Russell, J. Submitted November 20, 1895. Decided December 24, 1895.

*Assumpsit* by Ralph Kamp against Peter H. Winter-
mute for labor performed for a corporation in which de-
fendant was a stockholder. From a judgment for defend-
ant, plaintiff brings error. Affirmed.

*Macdonald & Marr*, for appellant.

*H. L. Delano*, for appellee.

Long, J. This action was commenced in justice's court
to recover for the personal work and labor of plaintiff,
rendered the Cheesman & Kelly Manufacturing Com-
pany, a corporation organized under the laws of this
State. The plaintiff, according to his bill of particulars
filed in the justice's court, performed the labor in the
months of June, July, August, and September, 1894, of
firing and running an engine in the factory of the corpo-
ration, which labor amounted to the sum of $77.20. For
a balance due him upon this account he sued the corpo-
ration, and obtained judgment in the sum of $32.20 and
costs. An execution was issued against the corporation,
and returned unsatisfied for damages and costs. The
present suit is brought to recover of the defendant, a
stockholder in the corporation, under section 4161c8, 3
How. Stat., which provides:

"The stockholders of all corporations organized or ex-
isting under this act shall be individually liable for all
labor performed for such corporations, which said lia-
bility may be enforced against any stockholder by action
founded on this statute at any time after an execution
shall be returned unsatisfied, in whole or in part, against
the corporation," etc.

The title of the act is, "An act to revise the laws pro-
viding for the incorporation of all manufacturing com-
panies," etc.

The justice gave judgment in favor of plaintiff for the
amount of damages and costs rendered against the cor-
poration. The cause was removed to the circuit court

by writ of *certiorari*, and there reversed, and comes into this court on error.

The principal allegation of error upon which the writ of *certiorari* was issued is that the justice erred in rendering judgment against defendant, for the reason that it appeared that defendant was not a member of the corporation at the time the debt was incurred. It is conceded in this court that the defendant was not a stockholder in the corporation at the time the labor was performed; but, as shown on the trial before the justice, he was a stockholder at the time suit was commenced. The claim is that those who are stockholders in a corporation at the time of the commencement of an action against the corporation upon labor claims are liable upon such demands, although not stockholders at the time the corporate liability accrued; that such stockholders impliedly assume all the obligations which rested upon former holders as members of the company, and are liable to the same extent as the former holders.

In *Voight* v. *Dregge*, 97 Mich. 322, the defendant was a stockholder in a street-railway company. Judgment was obtained against the company for a labor debt. Execution was returned unsatisfied, and suit was brought against the defendant upon such judgment. Plaintiff prevailed. It appeared that the defendant was a stockholder at the time the services were performed for the company. Upon appeal to this court, judgment was affirmed. It was then said in that case that "whether the statute is broad enough to create a liability against the purchaser of the stock, and what his obligations to the former stockholder may be, need not be considered in this case." The defendant in that case had ceased to be a stockholder in the corporation at the time the action was brought, but was a stockholder at the time the labor was performed. The result was reached in this court upon the interpretation of section 3557, 1 How. Stat., which provides that "the stockholders of every company

incorporated under this act shall be jointly and severally liable, in their individual capacity, for all labor performed for such company, and shall also be liable for the debts of such company for an amount equal to the amount of any unpaid stock in such company held by them." This section stands as section 22 of chapter 95, 1 How. Stat., being an act to authorize the formation of street-railway companies. The present action is brought under an act authorizing the formation of manufacturing companies, and the two sections are very similar in their provisions.

Whether statutory liability attaches to a stockholder in respect of debts contracted before he became a member of the corporation, is a question turning upon the words of the statute. This rule was observed in *Voight* v. *Dregge, supra,* as applied to one who was a stockholder at the time the debt was contracted, and the reason given for holding that the defendant was liable was that when one became a member of the corporation he became a surety for such labor debts; that, were he to become such surety by express agreement, he would not cease to be so because of the sale of his stock; that the statute, in other words, became a part of the agreement upon which he became a member of the corporation. The statute, however, cannot have so broad a construction as to hold one liable who purchases stock in a corporation after the debt is contracted. While the persons who were stockholders at the time the debt was contracted may be held liable, we think the liability is confined to such stockholders, and does not extend to those who thereafter purchase. The stockholders mentioned in this section of the statute must be construed to mean those who were such at the time the liability attached to the corporation.

The statutes of many of the States prescribe when such liability is to attach. Our statute fixes no such time by any express words, but, by necessary implication, was not intended to apply to one who became a purchaser after the liability had been incurred. In *Chesley* v. *Pierce,*

32 N. H. 388, under a statute making stockholders liable for the debts of a corporation, it was held that an individual stockholder was not liable for the debts of the corporation contracted before he became such.  In *Williams* v. *Hanna,* 40 Ind. 535, the statute made all stockholders liable for the debts of the corporation, and it was held that the owners of stock at the time the debt was contracted were intended.  The same rule, under a somewhat similar provision, was held in *Moss* v. *Oakley,* 2 Hill, 265, and that those who became stockholders after the debt was contracted were not liable.  The same rule was laid down in *Judson* v. *Rossie Galena Co.,* 9 Paige, 598; *McCullough* v. *Moss,* 5 Denio, 567; *Adderly* v. *Storm,* 6 Hill, 624.  The text-books cite many cases where the rule seems to be stated otherwise, but I think the confusion arises from the wording of the statutes then under consideration.  The general doctrine seems to be that a stockholder does not avoid a statutory liability to creditors who were such at the time he transferred his stock, and there is good reason for holding, the rule being thus settled, that the transferee does not take the stock subject to such statutory liability.

The judgment of the circuit court must be affirmed.

The other Justices concurred.