ALEXANDER WARNER *et al.* v. LOUIE IMBEAU *et al.*

No. 12,360. (65 Pac. 648.)

SYLLABUS BY THE COURT.

1. BANKS AND BANKING — *Action after Receiver Appointed.* Before its repeal, section 26, chapter 43, Laws of 1891 (Gen. Stat. 1897, ch. 18, § 47), did not inhibit the bringing of an action against an incorporated bank after the appointment of a receiver to wind up its affairs.

2. CORPORATIONS — *Actions against Stockholders.* In the absence of controlling legislation, the general rule is that, so long as a corporation of which a receiver has been appointed has not been dissolved and no order of injunction exists restraining the bringing of suits against it, such corporation may be sued and defend in its own name.

3. ———— *Execution against Stockholders — Notice — Officer's Return.* After judgment has been rendered and execution returned unsatisfied against an insolvent corporation, and notice of an application for an execution against a stockholder has been duly served, the fact that the return to such notice was signed "L. C. J., deputy sheriff," instead of "A. B., sheriff, by L. C. J., deputy," will not render the order for execution based upon such notice void, or authorize a court of equity to enjoin the issuance of an execution or the enforcement of the same.

4. ———— *Stockholder Estopped by Failure to Appear and Defend.* Where a stockholder of an insolvent corporation against which judgment has been rendered in justice's court is duly served with notice of an application for an order for an execution against him, he is bound to avail himself of the opportunity afforded him for a hearing upon such notice to establish any facts which will avoid his statutory liability. If he fails to appear in response to such notice and make defense, a court of equity will not render its aid by enjoining the enforcement of the execution.

5. ———— *Injunction against Execution — Insufficient Petition.* In such case, where the petition for injunction contains no statement of facts which would have relieved such stockholder from his liability, and where no allegation of fraud, accident, mistake or surprise is made, an injunction should not be allowed.

Error from Cherokee district court; A. H. SKID-MORE, judge. Opinion filed July 6, 1901. Division two. Affirmed.

### STATEMENT.

On and prior to December 5, 1896, the Baxter Bank was a banking corporation. On that date the bank commissioner took charge, and on December 23, R. H. Sands was appointed receiver. On January 2, 1897, the defendant in error, Louie Imbeau, commenced an action against the bank before C. B. Berry, a justice of the peace, to recover $300 which he had deposited in the bank in November, upon, as he claims, representations of the bank that it was solvent, alleging that, in fact, it was insolvent at that time. The return of the constable on this summons is as follows : "Received this writ the 23d day of January, 1897; served the same by delivering a copy thereof, with the indorsements thereon, duly certified, to the within-named defendant, Alexander Warner.—S. H. SMITH, Constable." Alexander Warner was not a defendant in the action, but he was the president of the bank.

On January 26, 1897, a judgment was rendered in favor of Imbeau and against the bank for $300 and costs, the docket reciting that personal service was made on Alexander Warner, as president of the bank. On the same day an execution was issued on the judgment against the bank, and the docket entry shows that it was returned unsatisfied, but the execution itself is lost. On February 11, separate notices were served on four stockholders, two of whom were Alexander Warner and Benjamin S. Warner, of a hearing on the motion to grant execution under section 1302, General Statutes of 1901. The notices were in proper form. The service was personal, but the return was signed "L. C. Jones, deputy sheriff." On February 15, the stockholders failing to appear, an *ex parte* hearing was had, and the justice found

these two stockholders held stock in the bank as follows : Alexander Warner, 293 shares, and Benjamin S. Warner, five shares, of the par value of $100 each ; and on February 24 two separate executions were issued against said stockholders, but the record does not show what became of them. They were not levied on any property. On March 25, on motion of plaintiff, the justice made an *ex parte* order requiring the constable to amend his return to the original summons, which the latter did forthwith by adding after the name "Warner," the words "as president of the Baxter Bank."

On April 16, the justice issued an execution against both of said stockholders, and the constable levied on property belonging to each of them, and at the time this suit was commenced had advertised a part of it to be sold in the township where he found and levied on it, and another part to be sold in the city of Baxter Springs, a city of the second class. The property last mentioned was not seized in the city, but in Spring Valley township, within the limits of which the city is situated.

This action was brought to enjoin Imbeau, Justice Berry, and Frank Hemstreet, the constable having the execution under which the levies were made, from selling under the execution or collecting the judgment. The petition stated the foregoing facts with sufficient particularity. The defendants demurred, the demurrer was sustained, and they bring the case here for review.

In their briefs, attorneys for plaintiffs in error claim that section 26, chapter 43, Laws of 1891 (Gen. Stat. 1897, ch. 18, § 47), because it provides that the commissioner shall take charge of such bank, and that a receiver shall be appointed who shall "take charge of

such bank and wind up the affairs and business thereof for the benefit of the depositors, creditors, and stockholders thereof," renders the bank incapable of being sued. As a second ground for error, it is asserted that the amendment made to the return of the summons after the rendition of judgment was without jurisdiction.

The third contention is that the return of *nulla bona* by a constable on a justice's judgment does not give jurisdiction to proceed against stockholders, because the bank might have had real estate which could not have been levied on under such an execution. A point is made that, although separate notices were given, but one motion was filed against these two stockholders, and that afterward a joint execution was issued against them. They also claim that the service of the notice was not sufficient, because the return thereto is signed "L. C. Jones, deputy sheriff." The last proposition raised is that chapter 47, Laws of 1897, which took effect March 11, 1897 (Gen. Stat. 1901, §§ 407–470), repealed the banking law of 1891 (Gen. Stat. 1897, ch. 18), and that section 55 of the act of 1897 (Gen. Stat. 1901, § 461) prohibits the bringing of an action by a creditor against a stockholder until after the expiration of one year from the date of the closing of the bank, and until it shall be made to appear that the receiver has failed to commence an action against the stockholders for the benefit of all the creditors of the defunct institution.

*Blue & Glasse*, for plaintiffs in error.

*C. B. Skidmore*, and *W. S. Norton*, for defendants in error.

The opinion of the court was delivered by

ELLIS, J.: The claim that section 26, chapter 43, Laws of 1891 (Gen. Stat. 1897, ch. 18, § 47), inhibits the bringing of an action against a bank after the appointment of a receiver to wind up its affairs, is untenable. The general rule is that so long as the corporation over which a receiver has been appointed has not been dissolved, and no order of injunction exists restraining suits against it, it may be sued and defend in its own name. (20 A. & E. Encycl. of L. 254, and cases cited under subtitle "Corporations"; High, Rec. § 258; *St. Jos. & D. C. Rld. Co. v. Smith, Treasurer*, 19 Kan. 225; *Bank v. Sewing Society*, 28 id. 303; *Sleeper v. Norris*, 59 id. 555, 53 Pac. 757.)

The amendment made to the return accorded with the facts, and however irregular the rendition of the judgment on the original return or the making of the *ex parte* amendment thereto may have been, the judgment was not void for either reason, nor were the orders for execution void, because only one motion was filed for execution against several of the stockholders of the bank. The notices served on the stockholders were separate, and the mere fact that the motion asked for the same relief against other stockholders than the one named in a given notice could nowise prejudice his interest. It was, in effect, a misjoinder of parties defendant, and was waived by failure to appear and plead. The case of *National Bank v. Magnuson*, 57 Kan. 573, 48 Pac. 518, to which we are cited, is not in point, and certainly does not conflict in any manner with the position here taken.

That a return of *nulla bona* upon an execution issued

out of a justice's court is sufficient to give jurisdiction to proceed against stockholders has been unequivocally decided by the supreme court of Michigan under a statute and method of proceeding which are analogous to ours. (*Voight v. Dregge*, 97 Mich. 322, 56 N. W. 557. See, also, *Sleeper v. Norris*, supra.)

As the plaintiffs in error admit that notices of the motion for execution were in fact served on them, respectively, as to this action it is wholly unimportant whether a return of service thereof was properly made or made at all. They may not enjoin the enforcement of an order based upon a sufficient notice actually served, because of an informality in the official signature of the officer who served it. Before final determination of the matters pending and dependent upon the notice, such return could have been amended in any case, and the failure of the deputy to affix the name of his principal was a mere irregularity. (*Hill v. Gordon*, 45 Fed. 276.)

It is true that chapter 47 of the Laws of 1897 (Gen. Stat. 1901, §§ 407–470), which took effect March 11, 1897, repealed the banking law of 1891, under which these proceedings were commenced and were then pending, and that fact alone constitutes a sufficient answer to the contention of counsel that section 55 of the later act (Gen. Stat. 1891, § 461) is applicable to this case, and renders all things done therein subsequently to March 11, 1897, void.

"The repeal of a statute does not revive a statute previously repealed, nor does such repeal affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed." (Gen. Stat. 1901, § 7342.)

As above said, these proceedings were "com-

menced," and an order for execution had already been made, before the repealing statute took effect. Whether said section 55 would apply to debts incurred before its passage we need not decide, but, as bearing in some measure upon the question, reference is made to the case of *McDermott v. Halleck*, 61 Kan. 486, 59 Pac. 1074.

We conclude, then, that the several matters complained of by plaintiffs in error are but irregularities, and that none of them alone, nor all of them together, render void the judgment or execution sought to be enjoined.   If the plaintiffs in error have any defense whatever to the proceedings had to charge them as stockholders, they did not avail themselves of the opportunity afforded to establish the same, and they do not, even in this action, aver the existence of any facts which would have avoided their liability.   For that reason, the court below ought to have denied to them the relief asked.

"A general rule underlying the entire jurisdiction of equity to restrain proceedings at law is, that where the person aggrieved has had an opportunity of interposing his defense at law and has had his day in court, but has failed through carelessness or inadvertence to avail himself of the opportunity of interposing such defense at law, he cannot afterwards make it the ground for relief in equity, and is barred from enjoining proceedings under the judgment.   It is not the policy of the law to permit persons to slumber upon their rights when they have an opportunity to assert them in a court of law, and afterwards to permit their assertion in a court of equity.   In the absence, therefore, of any suggestion of fraud, accident, mistake, or surprise, and when no good reason is shown why the defense was not made at law, the injunction will not be allowed, where it is not obviously against conscience to enforce the judgment."   (High, Inj. § 165.)

Tootle v. Ellis.

Although counsel for plaintiffs in error have ably and forcibly presented the several allegations of error above referred to, we are constrained to regard the adjudication of the court below as right. The judgment is affirmed.

SMITH, CUNNINGHAM, JJ., concurring.