PADROS v. SWARZENBACH et al.

(Supreme Court, Appellate Division, Fourth Department. November 17, 1909.)

CORPORATIONS (§ 252*) — LIABILITY OF STOCKHOLDER — NECESSITY OF JUDGMENT AGAINST CORPORATION—COURT OF RECORD.

Stock Corporation Law (Consol. Laws, c. 59) §§ 57, 59, providing that no action shall be brought against a stockholder until judgment against the corporation, and that stockholders shall be personally liable for all debts due its laborers, and that the laborers shall commence an action therefor 30 days after the return of an execution unsatisfied, on a judgment against the corporation, does not require a laborer, who has obtained a judgment in a court not of record and the return of an execution unsatisfied, to perfect his judgment in a court of record, and the issuance of an execution therefrom, as a condition to proceeding against the stockholders.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1020, 1022; Dec. Dig. § 252.*]

Appeal from Trial Term, Oneida County.

Suit by John Padros against Arthur Swarzenbach and others to enforce stockholders' liability. From a judgment for plaintiff, defendants appeal. Affirmed.

The action was commenced on the 9th day of June, 1908, pursuant to sections 57 and 59 of the stock corporation law of the state of New York, to recover from the defendants, who are stockholders of the Empire State Engineering Company, a domestic corporation, having its plant in the city of Rome, N. Y., the amount of a judgment obtained by the plaintiff in the City Court of Rome against said Engineering Company for work, labor, and services rendered by him for such company.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

M. J. Larkin, for appellants.
John E. Mason, for respondent.

McLENNAN, P. J.   On the 9th day of May, 1908, the plaintiff obtained a summons from the City Court of Rome, N. Y., against the Empire State Engineering Company, and attached to the summons was a verified complaint setting forth his cause of action; and said summons and complaint were served on one Henry A. Wilkes, who, the evidence tends to show, was an agent or general manager of said corporation.   Plaintiff's cause of action in the City Court of Rome was for services rendered by him to such corporation as a laborer, and resulted in a judgment being rendered in his favor on the 18th day of May, 1908, for $66 damages and $2.55 costs, by default; the company having failed to appear.   On said last-mentioned date an execution was issued out of said City Court of Rome against the personal property of the Empire State Engineering Company in the county of Oneida, and on the 28th day of May, 1908, was returned wholly unsatisfied.   No transcript of the judgment of the City Court of Rome was filed, and no judgment thereon entered and docketed, in the Oneida county clerk's office, and the judgment was not perfected as a judgment of a court of record, and no execution was issued by the county clerk or out of a court of record.

On the 28th day of May, 1908, a notice, in writing, was served on the defendants, by mail, to the effect that plaintiff intended to hold defendants personally liable for his claim for wages.   On May 13, 1908, an involuntary petition in bankruptcy was filed against the Empire State Engineering Company in the United States District Court for the Southern District of New York, and on May 14, 1908, a temporary receiver was appointed by the bankruptcy court and a temporary restraining order granted.   Such restraining order provided that said bankrupt, the sheriff of the county of New York, the sheriff of the county of Oneida, the city marshals of the city of New York, and all other persons be enjoined and restrained from interfering with or in any way transferring, selling, or conveying any of the assets or property of the said alleged bankrupt.

The principal question raised by the appellants upon this appeal is that the plaintiff did not perfect his judgment as required by the statute.   Section 55 of the stock corporation law (now Consol. Laws, c. 59, § 59) provides:

"No action shall be brought against a stockholder * * * until judgment therefor has been recovered against the corporation."

Clearly, the City Court of Rome is an inferior court, of limited and local jurisdiction.   It only has such jurisdiction as is possessed by Justices'. Courts of towns, and it is claimed that the statute requires the perfecting of a judgment in a court of record, where the judgment would be a lien on the real property of the corporation.   The statute does not in terms contain any such requirement.   Section 57 of the stock corporation law (Consol. Laws, c. 59), so far as applicable to this case, provides:

" * * * The stockholders of every stock corporation shall jointly and severally be personally liable for all debts due and owing to any of its labor-

ers, servants, or employés other than contractors, for services performed by them for such corporation. Before such laborer, servant or employé shall charge such stockholder for such services, he shall give him notice in writing, within thirty days after the termination of such services, that he intends to hold him liable, and shall commence an action therefor within thirty days after the return of an execution unsatisfied against the corporation upon a judgment recovered against it for services. * * * "

Apparently the only requirement, so far as important to note, is that the stockholders of a corporation shall be personally liable for debts due and owing its laborers; but, in order to hold them liable, the laborer must commence an action therefor within 30 days after the return of an execution unsatisfied against the corporation upon a judgment recovered against it for service. There is no provision to the effect that such judgment must be recovered in a court of record, or that the execution must be issued out of a court of record or by the county clerk. Section 59 of the act (Consol. Laws, c. 59) provides:

"No action shall be brought against a stockholder for any debt of the corporation until judgment therefor has been recovered against the corporation and execution thereon has been returned unsatisfied, in whole or in part, and the amount due on said execution shall be the amount recoverable, with costs, against the stockholder."

I do not find that this precise question has been decided by the courts of this state. It has been held that an action in the nature of a creditors' bill cannot be sustained upon a judgment recovered in a justice's court, where the only execution returned unsatisfied was issued by the justice. In the case of Crippen v. Hudson, 13 N. Y. 161, it was said:

"The judgment should be docketed in the county clerk's office, and execution against the real as well as the personal property of the debtor returned unsatisfied, to authorize such action."

But it seems to me that that authority, and many others to the same effect, to which attention might be called, are not in point. A creditors' bill is an action in equity, while the one at bar is an action at law; and I know of no reason why there should be read into the statute the requirement that the judgment must be recovered in a court of record, or made a judgment of a court of record, and that an execution should be issued out of such court. The statute contains no such provision. In this case its literal language was complied with. A judgment was recovered in a court having jurisdiction of the corporation and of the cause of action, and execution was issued by such court and returned wholly unsatisfied.

The only case which either party has cited that is directly in point is Voight v. Dregge, 97 Mich. 322, 56 N. W. 557. The act there under discussion was precisely like ours, and it was said:

"The contention that a justice's judgment and execution will not support an action against a stockholder cannot be sustained. * * * We think the statute should not be construed in accordance with defendant's theory. The plaintiff complied with its requirements literally. He went into the court in which the law permitted him to bring suit. He took his execution, and failed to collect. The action was properly brought, and the judgment should be affirmed."

The authorities cited by appellants' counsel in respect to bringing a creditors' action cannot be authority for their contention in this case, because section 1871 of the Code of Civil Procedure provides:

"Where an execution against the property of a judgment debtor issued out of a court of record, as prescribed in the next section, has been returned wholly or partly unsatisfied, the judgment debtor may maintain an action," etc.

The construction of the statute contended for by appellants would make it unavailable to all laborers whose claims for wages amounted to less than $25, because section 3017 provides:

"Thenceforth [that is, after the Justice's Court judgment is docketed] the judgment is deemed a judgment of the County Court of that county and must be enforced accordingly, except that an execution can be issued thereupon only by the county clerk, as prescribed in section 3043 of this act, and that judgment is not a lien upon and cannot be enforced against real property, unless it is for $25 or more, exclusive of costs."

Section 3043 provides that where the judgment is for a sum less than $25, exclusive of costs, the direction to satisfy the judgment out of the real property of the judgment debtor must be omitted. So that, where the judgment recovered before the justice is less than $25, the execution issued by the justice would accomplish everything that could be accomplished by docketing the judgment in the clerk's office and procuring an execution to be issued by the county clerk. Such judgment would not become a lien against the real property of the defendant, and the execution issued by the county clerk could not require the sheriff to satisfy the judgment out of any real property belonging to the defendant. I conclude that obtaining the judgment in Justice's Court, the issuance of an execution by such justice, and its return unsatisfied, was a compliance with the requirements of the statute.

The appellants also raise the question that the justice did not acquire jurisdiction of the defendant, or that the evidence was insufficient to establish that Wilkes was managing agent of the defendant company. I think the evidence was sufficient to make that issue one of fact, and that they are concluded by the findings of the court in that regard.

The same may be said of proof of the services rendered the Empire State Engineering Company by the plaintiff. I think that was clearly a question of fact, and that the decision of the trial justice upon that issue ought not to be disturbed.

The other questions it does not seem to me require discussion. In my opinion the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.